1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J Yeager, | No. CV-17-00404-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff applied for supplemental security income in April 2012, alleging disability beginning April 12, 2013. (A.R. 13.) The claim was denied initially on August 27, 2013, and upon reconsideration on November 14, 2013. (*Id.*) Plaintiff then requested a hearing. (*Id.*) On March 24, 2015, Plaintiff and a vocational expert (VE) testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 35-75.) The ALJ issued a written decision on August 5, 2015, finding Plaintiff not disabled within the meaning of the Social Security Act. (*Id.* at 13-28.) This became the Commissioner's final decision when the Appeals Council denied review. (*Id.* at 1-4.)

Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Doc. 1.) After receipt of the administrative record (Doc. 12), the parties fully briefed the issues for review (Docs. 15, 16, 19). For reasons stated below, the Court affirms the Commissioner's decision.

## STANDARD OF REVIEW

It is not the district court's role to review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Rather, the court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

## DISCUSSION

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and

work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 12, 2013. (A.R. 15.) At step two, the ALJ found that Plaintiff has the following severe impairments: affective disorder with generalized history of depression and degenerative disc disease of the lumbar spine with complaints of chronic pain. (*Id.*) At step three, the ALJ determined that Plaintiff's impairments do not meet or equal the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 16.) At step four, the ALJ found that Plaintiff:

> has the [RFC] to perform light work . . . except [he] has the mental capacity to perform work where interpersonal contact is only incidental to the work performed, i.e., that interpersonal contact may be routine but [he] is not frequently required to consult with or involve co-workers and public contact is limited to that which is merely incidental to the job and generally brief, infrequent, and superficial; [his] performed tasks can involve several variables and judgment within limits; supervision required [of him] is little for routine tasks but more detailed for non-routine to semi-skilled tasks; changes in [his] adaptive functioning may be occasionally disrupted by significant changes in the work setting; and [he] needs to change position between sitting and standing frequently.

(*Id.* at 19.) Based on this RFC, the ALJ found that Plaintiff is able to perform his past relevant work as a cook and, therefore, concluded that he is not disabled. (*Id.* at 26, 28.)

On appeal, Plaintiff challenges the ALJ's RFC determination, arguing that the ALJ improperly discounted the opinion of the agency's consultative examiner and erred in rejecting Plaintiff's symptom testimony. Having reviewed the record and the parties' briefs, the Court concludes that the ALJ did not err in discrediting Plaintiff's testimony or discounting the medical opinion of the consultative examiner.

**I. The ALJ Properly Weighed the Consultative Examiner's Opinion**

Plaintiff challenges the ALJ's assignment of only "partial weight" to the assessment of the agency's consultative examiner, Dr. Steven Hirdes. (Doc. 15 at 16-21.) In weighing medical source opinions, the Ninth Circuit distinguishes among three types

of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* However, a treating physician's opinion is entitled to controlling weight only if the opinion is well-supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(c)(2). "To reject [the] uncontradicted opinion of . . . an examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence," but if the examining doctor's opinion is contradicted, any ALJ may reject it by "providing specific and legitimate reasons that are supported by substantial evidence."[1] *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

Dr. Hirdes conducted a psychological/psychiatric mental source statement, in which he opined:

> Understanding and Memory: Intellectual functioning was suggested to be in the low average range with evidence that this individual does have learning difficulties that may be consequent to underlying learning disorders and symptoms of ADHD. This includes concentration difficulties. Regardless, he is found to have no difficulty understanding and remembering simple instructions.
>
> Sustained Concentration and Persistence: This individual was found to be quite impulsive and easily off task, a problem that is likely to especially occur when he is under some type of perceived stress. He is at risk for walking off a job or getting into some type of social conflict, which would disrupt his ability to maintain regular attendance and complete his job duties or other obligations adequately.
>
> Social Interaction: This individual tends to be socially hostile and distrustful, even paranoid. He is likely to react against

---

[1] This Court has, on a prior occasion and in the context of weighing physician opinion evidence, questioned whether there is a meaningful, practical difference between the Ninth Circuit's "clear and convincing reasons" standard and the "specific and legitimate reasons" standard in light of the fact that all ALJ decisions must be supported by the same quantum of evidence. *Moore v. Comm'r of Soc. Sec. Admin.*, No. CV-16-03445-PHX-DLR, 2017 WL 6379920, at *4-5 (D. Ariz. Dec. 14, 2017).

> supervisors and perceive that his coworkers are speaking poorly about him. He has considerable potential for reacting angrily and potentially with at least verbal aggression.
>
> Adapting to Change: Due to his level of defensiveness and his fear that he cannot learn adequately, he is prone to react angrily when changes in work settings are imposed on him.

(A.R. 412-13.) Dr. Hirdes' opinions were contradicted in part by State agency medical consultants, who opined that Plaintiff experienced: (1) only moderate limitations in his ability to appropriately interact with the general public; (2) no limitation in asking questions or seeking assistance; (3) only moderate limitations in responding appropriately to criticism from supervisors; (4) only moderate limitations in getting along with coworkers without exhibiting behavioral extremes; and (5) no limitation maintaining socially appropriate behavior. (*Id.* at 85-87, 102-04.) Accordingly, the specific and legitimate reasons standard applies.

The ALJ gave only "partial weight" to Dr. Hirdes' opinions because portions were belied by the medical record and Plaintiff's own testimony. Inconsistency with objective clinical evidence and with a claimant's own alleged restrictions are specific and legitimate reasons for discounting medical opinion testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); 20 C.F.R. § 416.927(c)(3), (4). Moreover, the ALJ's finding is supported by substantial evidence. For instance, the ALJ gave "great weight" to Dr. Hirdes' opinion regarding Plaintiff's ability to understand and remember simple instructions, finding the opinion supported by Plaintiff's "ability to perform tasks at his current job and also evidenced by his stable mental symptoms in the area of concentration, pace, [and] persistence." (A.R. 24.) In contrast, the ALJ found that "Dr. Hirdes' opinion regarding [Plaintiff's] social functioning is not adequately supported by the medical evidence" because Plaintiff's medical providers regularly described him as cooperative, relaxed, behaving regularly, and possessing a normal mood and affect. (*Id.* at 24, 371, 392, 396, 400, 411, 561, 575.) Additionally, Plaintiff testified that, despite his anger issues, he had a "good relationship" with family members, went to his friend's house regularly, and

went to church and "usually attended a bonfire afterwards." (*Id.* at 52, 590.) The ALJ did not err.[2]

## II. The ALJ Properly Weighed Plaintiff's Symptom Testimony

In evaluating a claimant's testimony regarding subjective pain or other symptoms, the ALJ must engage in a two-step analysis. First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms alleged. Second, if the claimant makes this showing and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The Court need not uphold all of the ALJ's reasons for discrediting a claimant, so long as substantial evidence supports the ALJ's decision. *See e.g.*, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff provided written reports and testified at the hearing about his back pain, depression, and other symptoms caused by his impairments and how they severely limit his daily activities. (A.R. 49-60, 229-50.) The ALJ only partially credited this testimony. (*Id.* at 20.) In doing so, he found that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms and found no evidence of malingering. (*Id.*) The ALJ therefore was required to articulate clear and convincing reasons for discounting the testimony. He did so here.

The ALJ found Plaintiff's testimony regarding the intensity, persistence, and limiting effects of the symptoms not entirely credible because: (1) Plaintiff's daily activities were inconsistent with his alleged limitations and (2) the alleged severity of Plaintiff's symptoms was belied by the medical record. (*Id.*) These reasons are clear and convincing. *See Orn*, 495 F.3d at 639 (daily activities); § 404.1529(c)(3)(i); *Rollins*,

---

[2] Plaintiff takes issue with the ALJ crediting certain of Dr. Hirdes' opinions, while discounting others. (A.R. 17.) But crediting or discounting medical opinions is not an all or nothing proposition. An ALJ may credit or discredit an opinion in whole or in part so long as a sufficient reason is given and that reason is supported by substantial evidence.

261 F.3d at 857 (medical evidence); § 404.1529(c)(2). They also are supported by substantial evidence.

For instance, with respect to Plaintiff's daily activities, the ALJ highlighted that in addition to working 32 hours a week, Plaintiff cares for his father (i.e., takes him to doctors' appointments and the store, and helps him around the house). (A.R. 20.) Moreover, Plaintiff informed his doctor that he was "able to perform all of his activities of daily living unassisted," including, cooking meals, taking out the trash, cleaning dishes, mowing the lawn, driving, and shopping. (*Id.* at 405.) This testimony contradicts Plaintiff's allegation that he cannot stand for any amount of time as a result of unbearable pain.

Next, with respect to the medical record, despite testifying that it feels like he has "daggers in [his] lower back . . . if [he] sits the wrong way," Plaintiff was observed at medical appointment "walk[ing] . . . without any significant gait change or instability," "sit[ting] comfortably during the interview," and "ris[ing] from a seated position" and "get[ting] on and off the exam table without assistance." (*Id.* at 48, 406.) Similar findings are found throughout the medical record. (*Id.* at 380, 407, 445, 450, 456, 462, 468, 474, 480, 486, 491, 496, 501, 512, 517, 525, 530, 535, 540, 545.) Notably, one provider observed that Plaintiff "beg[an] to move with his discomfort in his lower back only after talking with him regarding his back pain. On distraction he does not seem uncomfortable at all." (*Id.* at 406.)

Moreover, the medical record reflects that Plaintiff's symptoms were significantly alleviated by medication and treatment. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); 20 C.F.R. § 416.929(c)(3)(iv)-(v) (effectiveness of medication and treatment are factors relevant to assessing symptom testimony). For example, Plaintiff reported "doing well," "feeling good on the medication," and experienced improvements in his overall functioning. (A.R. 22-23.) Plaintiff recognized that his medications had improved his paranoia, and saw a steady increase in his global assessment of functioning score. (*Id.*)

Likewise, Plaintiff experienced substantial relief from medication and treatment for his back. In 2014, he stated that "pain medication help[ed] to control his pain and improve his quality of life," and that "he received over 80% relief of his pain" and "could walk longer distances and stand with less pain." (*Id.* at 494, 499, 504, 523, 533.) These reports undermine Plaintiff's allegations that he could not "stand for any amount of time without severe pain." (*Id.* at 437.) The ALJ did not err.[3]

### **CONCLUSION**

For the foregoing reasons, the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. The Clerk of the Court shall terminate this case.

Dated this 22nd day of March, 2018.

Douglas L. Rayes
United States District Judge

---

[3] Plaintiff also asserts that the ALJ "articulated no basis for the [RFC] determination." (Doc. 15 at 22.) This argument is redundant of those already made. In determining Plaintiff's RFC, the ALJ, in accordance with Social Security Regulations, credited medical opinions and testimony supported by the record and discounted those which were contradicted and uncorroborated by the medical record.